## HUTCHINS *v.* COLBY.

A chattel purchased by a married woman with property held by her to her separate use, under the statute of 1846, or with the proceeds or income of such property, where the husband has not attempted to exercise any ownership over such proceeds or income, and has not in any way made claim to such chattel, is her property, and is not liable to be taken on execution for his debts.

In such case the husband may act as agent for his wife in making the purchase.

TRESPASS, for the seizure and sale of a cow by the defendant, as sheriff, on an execution in favor of one Bailey against Alpheus Hutchins, the plaintiff's husband. No question was made as to the form of the execution or the formality of the defendant's proceedings. The action was referred under an agreement that all questions of law arising in the case should be submitted to the court.

The referee reported that by an antenuptial agreement, dated September 25, 1851, reciting, among other things, that the plaintiff owned a certain farm, and certain personal estate and choses in action, the farm and all the personal property and choses in action, then and at the time of the marriage, owned by her, were secured to her sole and separate use, free from the control or interference of her husband; that this farm, on which the plaintiff and her husband have lived since their marriage, was bought and paid for by the plaintiff before the marriage, out of her prior earnings, and has remained her separate property ever since; that it has been carried on at different times by the plaintiff and her husband by hired labor, and by her husband's sons by a former marriage on shares; that the family of Alpheus always made their home there, and he has sometimes superintended the business of the farm, such as hiring labor, making sales, &c., but always claiming to act as agent for the plaintiff; that he has sometimes sold stock, and received the proceeds, paying them over to the plaintiff, and has sometimes purchased stock for the farm, receiving the money to pay for it from her; that the management of the farm has sometimes been intrusted to him, but always under her control; that the personal property on the farm was purchased by the plaintiff at the same time with the farm, and has been claimed and controlled by her ever since; that Alpheus has received a yearly pension of $96 in his own name ever since the marriage, and has expended it for supplies for himself and the family, keeping no separate account of the expenditure of his or her money, neither has she kept any separate account; but she has received money from him, and he from her at all times, as business or convenience required, without keeping any separate account of the same; that the plaintiff gave him $40 with which to buy a cow at a certain auction, leaving him to be the judge of the value, and he bought at the auction the cow in question, paying $36 for her, and saying at the time that he bought her for his wife; and that on his way home the cow was taken by the defendant on the execution, and sold as before stated.

If, upon the foregoing facts, the court should be of opinion that the cow was the property of the plaintiff, she was to have judgment for $40, and interest from the date of the sale, April 4, 1859; but if

they should be of opinion that the cow was the property of Alpheus and liable for his debts, the defendant was to have judgment for costs.

*B. F. Whidden,* for the plaintiff.

*Burns & Fletcher,* for the defendant.

By the antenuptial contract the plaintiff was to hold her real estate and the personal property she had at that time, to her sole and separate use, free from the control of her husband. Comp. Stat., ch. 158. This statute is in derogation of the common law, must be construed strictly, and can not be extended further than the express wording will warrant. *Paine* v. *Ely,* 1 D. Chip. 37. The execution was not levied on any of the property embraced in the contract. By the marriage, the money of the wife instantly becomes the property of the husband. Reeve Dom. Rel. 1; *Chase* v. *Palmer,* 25 Me. 347. Personal property acquired after marriage by her means, belongs absolutely to the husband. So if a bond or note be given to her, they are his property absolutely. Reeve Dom. Rel. 60; *Commonwealth* v. *Manley,* 12 Pick. 173.

The $40 which the plaintiff handed her husband to buy the cow, was his property, notwithstanding said contract and statute. *Commonwealth* v. *Williams,* 7 Gray 337; *Bruce* v. *Thompson,* 26 Vt. 741; *Edwards* v. *Sheridan,* 24 Conn. 165; 15 Conn. 587, and cases cited.

BARTLETT, J. The referee does not distinctly find how the plaintiff came into possession of the money with which the cow was purchased; but from the facts stated, we take it to have been either part of the property secured to her by the antenuptial contract or of the proceeds or income of that property. In either case the money would have been regarded as hers in equity before our statute of 1846 (Pamphlet Laws, ch. 327). Clancy, Husband and Wife, 271, 272, 347–351; Reeve Dom. Rel. 162, 163, 172; Story Eq., secs. 1393, 1396.

In *Albin* v. *Lord,* 39 N. H. 203, it was said to be " the design and effect of this statute to enable a married woman to take and enjoy the same title and estate by law in property held by her to her sole and separate use under its provisions, without the intervention of a trustee, as under the decisions of courts of equity she had in equity to property thus held; that is to say, to convert what was before an equitable into a legal estate, and dispense with the necessity of a trustee."

In the present case, it does not appear that this money from the wife's separate estate in any way became the property of her husband, or that he attempted to exercise any ownership over it, if he had such rights, or that he in any way made claim to the cow. The fact that the purchase was made through him as agent, does not alter the nature of the transaction. *Coffin* v. *Morrill,* 22 N. H. 359; *Hall* v. *Young,* 37 N. H. 146; *Southard* v. *Piper,* 36 Me. 85.

We are, therefore, of opinion that the cow, thus purchased, was the property of the plaintiff. Unless the defendant is advised that the purchase money was not part of the property secured to the

wife's separate use, or of its income or proceeds, and obtains a recommitment of the report, which does not distinctly find the fact, that this point may be more clearly ascertained, there must, according to the provisions of the case, be

*Judgment for the plaintiff.*